# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:06-CV-72 |
| | § | |
| WELLS FARGO & COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury verdict delivered on March 26, 2010 (Dkt. No. 2089), the Court's September 27, 2010 Orders on post-trial motions (Dkt. Nos. 2363-2371), the parties' agreed Partial Judgment as a Matter of Law (Dkt. Nos. 2118 & 2449), the Court's January 12, 2011 Order on entitlement to post-verdict royalties (Dkt. No. 2463), and the Court's contemporaneous Order on supplemental damages and the ongoing royalty rate, the Court hereby enters judgment as follows:

- Judgment is entered for Plaintiff and against Defendant U.S. Bank National Association for joint infringement of Claims 1 and 26 of United States Patent No. 5,910,988 ("the '988 Patent") and Claims 42 and 43 of United States Patent No. 6,032,137 ("the '137 Patent").

- Judgment is hereby entered for Defendants Viewpointe Archive Services, LLC and The Clearing House Payments Company L.L.C. and against Plaintiff on all of Plaintiff's claims. Plaintiff shall take nothing from Defendants Viewpointe Archive Services, LLC or The Clearing House Payments Company L.L.C., and neither Viewpointe Archive Services, LLC nor the Clearing House Payments Company L.L.C. shall bear any of Plaintiff's fees or costs.

The Court also hereby enters judgment for Plaintiff and against Defendants U.S. Bank National Association, Viewpointe Archive Services, LLC and The Clearing House Payments

Company L.L.C. (collectively, the Defendants") on the counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability, except as follows: In accordance with the Court's September 27, 2010 Orders (Dkt. No. 2363, 2367, and 2369) on

> (i) Renewed Joinder and Motion of Viewpointe for Judgment as a Matter of Law (Dkt. No. 2124);

> (ii) Renewed Motion for Judgment as a Matter of Law of Noninfringement of the Defendants (Dkt. No. 2129); and

> (iii) Renewed Joinder and Motion of The Clearing House Payments Company L.L.C. for Judgment as a Matter of Law (Dkt. No. 2131),

the Court hereby enters:

> (i)  judgment as a matter of law of non-infringement for Viewpointe Archive Services, LLC and against Plaintiff on Claims 1 and 26 of the '988 Patent and Claims 42 and 43 of the '137 Patent;

> (ii) judgment as a matter of law of non-infringement for The Clearing House Payments Company L.L.C. and against Plaintiff on Claim 1 of the '988 Patent and Claim 42 of the '137 Patent; and

> (iii) judgment as a matter of law of non-infringement for all of the Defendants and against Plaintiff on Claim 46 of the '988 Patent.

In accordance with the jury verdict (Dkt. No. 2089) and the Court's September 27, 2010 Order (Dkt. No. 2365) regarding prejudgment interest, it is hereby **ORDERED** that Plaintiff shall have and recover from Defendant U.S. Bank National Association the sum of $27,000,000.00, together with prejudgment interest at the prime rate, compounded annually, calculated up to entry of Final Judgment, and based on a lump sum for infringement from the time of the hypothetical negotiation up through trial, together with post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961.

In accordance with the Court's September 27, 2010 Order (Dkt. No. 2365) on Plaintiff's

Request for Enhanced Damages (Dkt. No. 2127), it is hereby **ORDERED** that Plaintiff shall have and recover from Defendant U.S. Bank National Association the sum of <u>$26,606,000.00</u> as enhanced damages, together with post-judgment interest on the entire enhanced damages calculated pursuant to 28 U.S.C. § 1961. No prejudgment interest is awarded on these enhanced damages, which are a type of punitive damages. *Underwater Devices, Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983) (overruled on other grounds in *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007)).

In accordance with the Court's January 12, 2011 Order (Dkt. No. 2463) on Plaintiff's request for post-verdict royalties, as well as the Court's Order on supplemental damages and the ongoing royalty rate, entered contemporaneously with this Final Judgment, it is hereby **ORDERED** that Plaintiff shall have and recover from Defendant U.S. Bank National Association supplemental damages calculated as a running royalty of <u>$0.002 per check</u>, together with prejudgment interest at the <u>prime rate</u>, <u>compounded annually</u>, calculated from the day after the jury's verdict up to the date of this Final Judgment, together with post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961. Further in accordance with the Court's contemporaneous Order, the Court hereby **SETS** a post-judgment running royalty rate of <u>$0.005 per check</u>.

The Court also hereby **SEVERS** all claims and counterclaims related to the so-called Randle Patents, which are United States Patents No. 5,265,007, 5,583,759, 5,717,868, and 5,930,778. *See* Fourth Amended Complaint, Dkt. No. 1252. The Court hereby **ORDERS** that the Clerk shall assign a new cause number for these claims, shall include as parties Plaintiff DataTreasury Corporation and Defendant U.S. Bank National Association, and shall include

3

Plaintiff's Fourth Amended Complaint (Dkt. No. 1252), U.S. Bank's Amended Answer thereto

(Dkt. No. 1593), Plaintiff's Answer to U.S. Bank's Amended Answer (Dkt. No. 1720), and the

Court's September 17, 2007 Order staying the above-captioned case as to the Randle Patents

(Dkt. No. 798). The Court further hereby **LIFTS** the stay as the Randle Patents. All of the

parties' filings as to the Randle Patents shall be in the new cause number that will be assigned by

the Clerk.

All relief not specifically granted herein is hereby denied. All pending motions not

previously ruled on are hereby denied. This is a Final Judgment and is appealable.

**SIGNED this 2nd day of August, 2011.**

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

4