UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DATATREASURY CORPORATION<br>*Plaintiff*<br><br>v<br><br>WELLS FARGO & COMPANY; WELLS FARGO BANK, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; U.S. BANCORP; U.S. BANK, NATIONAL ASSOCIATION; WACHOVIA CORPORATION; WACHOVIA BANK, NATIONAL ASSOCIATION; SUNTRUST BANKS, INC.; SUNTRUST BANK; BB&T CORPORATION; BRANCH BANKING AND TRUST COMPANY; BANCORPSOUTH, INC.; BANCORPSOUTH BANK; FIRST HORIZON NATIONAL CORP.; FIRST TENNESSEE BANK, NATIONAL ASSOCIATION; RBS CITIZENS, NATIONAL ASSOCIATION; COMERICA INCORPORATED; COMERICA BANK; KEYCORP;KEYBANK NATIONAL ASSOCIATION; LASALLE BANK CORPORATION; LASALLE BANK NA; M&T BANK CORPORATION; M&T BANK; SMALL VALUE PAYMENTS COMPANY, LLC; THE CLEARING HOUSE PAYMENTS COMPANY, LLC and ELECTRONIC DATA SYSTEMS CORP.<br><br>*Defendants* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. 2:06cv72 (DF)<br><br>JURY TRIAL DEMANDED |

# FOURTH AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## I. THE PARTIES

1. Plaintiff **DataTreasury Corporation** ("DataTreasury") is a Delaware corporation that maintains its principal place of business at 2301 W. Plano Parkway, Suite 106, Plano, Texas 75074.

2. Defendant **Wells Fargo & Company** is a Delaware Corporation that maintains its principal place of business at 420 Montgomery Street, San Francisco, California 94104. This Defendant has been served, has appeared and answered, and is properly before the Court. This Defendant is being sued in this litigation for its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-291 which has been administratively closed and consolidated with this case by Court order.

3. Defendant **Wells Fargo Bank, National Association** is a banking subsidiary of Defendant Wells Fargo & Company. This Defendant has been served, has appeared and answered, and is properly before the Court. This Defendant is being sued in this litigation for its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-291 which has been administratively closed and consolidated with this case by Court order.

4. Defendant **Bank of America Corporation** is a Delaware Corporation that maintains its principal place of business at Bank of America Center, 401 North Tryon Street, Charlotte, North Carolina 28255. This Defendant has been served, has appeared and answered, and is properly before the Court. This Defendant is being sued in this litigation for

its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-292 which has been administratively closed and consolidated with this case by Court order.

5.      Defendant **Bank of America, National Association** is a banking subsidiary of Defendant Bank of America. This Defendant has been served, has appeared and answered, and is properly before the Court.  This Defendant is being sued in this litigation for its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-292 which has been administratively closed and consolidated with this case by Court order.

6.      Defendant **U.S. Bancorp** is a Delaware Corporation that maintains its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota 55402-7014.  This Defendant has been served, has appeared and answered, and is properly before the Court.

7.      Defendant **U.S. Bank, National Association** is a banking subsidiary of Defendant U.S. Bancorp and maintains its principal place of business at 425 Walnut Street, Cincinnati, Ohio 45202.  This Defendant has been served, has appeared and answered, and is properly before the Court.

8.      Defendant **Wachovia Corporation** is a North Carolina Corporation that maintains its principal place of business at One Wachovia Center, 301 South College Street, Charlotte, North Carolina 28288-0013. This Defendant has been served, has appeared and answered, and is properly before the Court.  This Defendant is being sued in this litigation for its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-293 which has been administratively closed and consolidated with this case by Court order.

_____

9. Defendant **Wachovia Bank, National Association** is a banking subsidiary of Wachovia Corporation, and maintains its principal place of business at 301 South Tryon Street, Charlotte, North Carolina 28288. This Defendant has been served, has appeared and answered, and is properly before the Court. This Defendant is being sued in this litigation for its infringing activities previously set forth in this case and also for activities at issue in the litigation with DataTreasury filed as Cause No. 2:05-CV-293 which has been administratively closed and consolidated with this case by Court order.

10. Defendant **SunTrust Banks, Inc**. is a Georgia corporation that maintains its principal place of business at 303 Peachtree Street, Suite 500, Atlanta, Georgia 30308 This Defendant has been served, has appeared and answered, and is properly before the Court.

11. Defendant **SunTrust Bank** is a wholly-owned banking subsidiary of Defendant SunTrust Banks, Inc. This Defendant has been served, has appeared and answered, and is properly before the Court.

12. Defendant **BB&T Corporation** is a North Carolina corporation that maintains its principal place of business at 200 West Second Street, Winston-Salem, North Carolina, 27101. This Defendant has been served, has appeared and answered, and is properly before the Court.

13. Defendant **Branch Banking and Trust Company** is a wholly-owned banking subsidiary of Defendant BB&T Corporation. This Defendant has been served, has appeared and answered, and is properly before the Court.

14. Defendant **BancorpSouth, Inc.** is a Mississippi corporation that maintains its principal place of business at One Mississippi Plaza, 201 South Spring Street, Tupelo,

Mississippi 38804. This Defendant has been served, has appeared and answered, and is properly before the Court.

15. Defendant **BancorpSouth Bank** is a wholly-owned banking subsidiary of Defendant BancorpSouth, Inc. This Defendant has been served, has appeared and answered, and is properly before the Court.

16. Defendant **First Horizon National Corporation** is a Tennessee corporation that maintains its principal place of business at 165 Madison Avenue, P.O. Box 84, Memphis, Tennessee 38103. This Defendant has been served, has appeared and answered, and is properly before the Court.

17. Defendant **First Tennessee Bank, National Association** is a wholly-owned banking subsidiary of Defendant First Horizon National Corporation. This Defendant has been served, has appeared and answered, and is properly before the Court.

18. Defendant **RBS Citizens, National Association** is a Rhode Island banking organization that maintains its principal place of business at One Citizens Plaza, Providence, Rhode Island 02903. This Defendant has been served, has appeared and answered, and is properly before the Court.

19. Defendant **Comerica Incorporated** is a Delaware corporation that maintains its principal place of business at Comerica Tower at Detroit Center, 500 Woodward Avenue, Detroit, Michigan 48226. This Defendant has been served, has appeared and answered, and is properly before the Court.

___

20. Defendant **Comerica Bank** is a Texas banking organization that maintains its principal place of business at 1717 Main Street, Dallas, Texas 75201. This Defendant has been served, has appeared and answered, and is properly before the Court.

21. Defendant **KeyCorp** is an Ohio corporation that maintains its principal place of business at 127 Public Square, Cleveland, Ohio 44114. This Defendant has been served, has appeared and answered, and is properly before the Court.

22. Defendant **KeyBank National Association** is a wholly-owned banking subsidiary of Defendant KeyCorp. This Defendant has been served, has appeared and answered, and is properly before the Court.

23. Defendant **LaSalle Bank Corporation** is a Delaware corporation that maintains its principal place of business at 135 South LaSalle Street, Chicago, Illinois 60603. This Defendant has been served, has appeared and answered, and is properly before the Court.

24. Defendant **LaSalle Bank NA** is a wholly-owned banking subsidiary of Defendant LaSalle Bank Corporation that maintains its principal place of business at 135 South LaSalle Street, Chicago, Illinois 60603. This Defendant has been served, has appeared and answered, and is properly before the Court.

25. Defendant **M&T Bank Corporation** is a New York corporation that maintains its principal place of business at One M&T Plaza, Buffalo, New York, 14203-2399. This Defendant has been served, has appeared and answered, and is properly before the Court.

26. Defendant **M&T Bank** is a wholly-owned banking subsidiary of Defendant M&T Bank Corporation. This Defendant has been served, has appeared and answered, and is properly before the Court.

28  Defendant **Small Value Payments Company, LLC** is a Delaware Limited Liability Company that maintains its principal place of business at 100 Broad Street, New York, New York This Defendant has been served, has appeared and answered, and is properly before the Court.

29. Defendant **The Clearing House Payments Company, L.L.C**. is a Delaware Limited Liability Company that maintains its principal place of business at The Clearing House, 100 Broad Street, New York, New York 10004. This Defendant has been served, has appeared and answered, and is properly before the Court.

30. Defendant **Electronic Data Systems Corp.** is a Delaware corporation that maintains its principal place of business at 5400 Legacy Drive, Plano, Texas 75024-3199. This Defendant has been served, has appeared and answered, and is properly before the Court. This Defendant is being sued in this litigation for its infringing activities except for the "EDS Pay for Check 21" product and activities that were the subject of the now-dismissed *DataTreasury Corporation v. Electronic Data Systems Corp.*, Cause No. 3:02-CV-2642-K, Northern District of Texas. The "EDS Pay for Check 21" product and activities are not accused in this litigation.

## II. JURISDICTION AND VENUE

31. This action arises under the patent laws of the United States, Title 35 of the United States Code. The Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. §271 et seq. and 28 U.S.C. §1338.

32. Personal jurisdiction exists generally over Defendants pursuant to 28 U.S.C. §1391 because they have sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and within this district. Personal jurisdiction also exists

specifically over Defendants because of Defendants' conduct in making, using, selling, offering to sell, and/or importing, directly, contributorily, and/or by inducement, infringing products and services within the State of Texas and within this district. In particular, Defendants have provided services and sold products in this District separately and with or for other infringing companies which are or were Defendants in related pending litigation the United States District Court for the Eastern District of Texas.

33. Venue is proper in this Court under 28 U.S.C. §§1391(b), (c), and (d), as well as 28 U.S.C., §1400(b) for the reasons set forth above and below. Furthermore, venue is proper because each of the Defendants is currently engaging in infringing activities in this District with another Defendant in related and past-pending litigation filed by DataTreasury Corporation in the Eastern District of Texas, Marshall Division.

34. The following Defendants are owners or current users of Viewpointe Archive Services, LLC: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; Bancorp South, Inc.; Bancorp South Bank; First Horizon National Corporation; and First Tennessee Bank, National Association; These Defendants may be collectively referred to as the "Viewpointe Defendant Group."

35. The members of the Viewpointe Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Viewpointe Archive Services, LLC, a nationwide check image archive and exchange service that operates in or

through this District. Each of the members of the Viewpointe Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the '988 and '137 patents asserted herein. DataTreasury was pursuing its claims against Viewpointe Archive Services, LLC in related litigation in this District, Cause No. 2:05-CV-290, and which case was consolidated into the instant case, 2:06cv72, on June 1, 2006.

36. The following Defendants are owners or current users of Small Value Payments Company, LLC and/or The Clearing House Payments Company, LLC: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; RBS Citizens, National Association.; Comerica Incorporated; Comerica Bank; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; and M&T Bank. These Defendants may be collectively referred to as the "SVPCo/Clearing House Defendant Group."

37. The members of the SVPCo/Clearing House Defendant Group are subject to personal jurisdiction, in addition to the reasons set forth above and below, because of each member's infringing activities with relation to the products and services of Small Value Payments Co., LLC and The Clearing House Payments Company, LLC. These Defendants operate a nationwide check image exchange service that operates in or through this District. This Court has already determined in a previous Order that Small Value Payments Company, LLC is subject to the jurisdiction of this Court because of, *inter alia*, its performance of activities in this District related to its nationwide exchange and archive service. Each of the

_____

members of the SVPCo/Clearing House Defendant Group have authorized, participated in, or facilitated transactions occurring in whole or in part within this District that, in whole or in part, infringe the patents asserted against them herein.

### III. PATENT INFRINGMENT

38. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 5,910,988 ("the '988 patent"), which duly and legally issued on June 8, 1999, with Claudio Ballard as the named inventor, for an invention in remote image capture with centralized processing and storage. This patent went through re-exam with the USPTO and was duly and legally reissued under United States Patent No. 5,910,988 C! ("the '988 patent") on October 23, 2007. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 5,910,988 C1.

39. DataTreasury is the owner as assignee of all rights, title, and interest in and under United States Patent No. 6,032,137 ("the '137 patent"), which duly and legally issued on February 29, 2000 with Claudio Ballard as the named inventor, for an invention in a remote image capture with centralized processing and storage. This patent went through re-exam with the USPTO and was duly and legally reissued under United States Patent No. 6,032,137 C1 ("the '137 patent") on December 25, 2007. DataTreasury is the owner as assignee of all rights, title and interest in and under United States Patent No. 6,032,137 C1.

40. DataTreasury is the owner of all rights, title, and interest in and under United States Patent No. 5,265,007 ("the '007 patent"), which duly and legally issued on November 23, 1993, with John L. Barnhard, Jr., Thomas K. Bowen, Terry L. Geer, and John W. Liebersbach as the named inventors, for an invention of a central check clearing system.

41. DataTreasury is the owner of all rights, title, and interest in and under United States Patent No. 5,583,759 ("the '759 patent"), which duly and legally issued on December 10, 1996, with Terry L. Geer as the named inventor, for an invention with a mechanism for expediting the deposit, transport, and submission of checks into the payment system.

42. DataTreasury is the owner of all rights, title, and interest in and under United States Patent No. 5,717,868 ("the '868 patent"), which duly and legally issued on February 10, 1998, with David L. James as the named inventor, for an invention with an electronic payment interchange concentrator.

43. DataTreasury is the owner of all rights, title, and interest in and under United States Patent No. 5,930,778 ("the '778 patent"), which duly and legally issued on July 27, 1999, with Terry L. Geer as the named inventor, for an invention with a system for expediting the clearing of financial instruments and coordinating the same with invoice processing at the point of receipt.

44. This is an exceptional case within the meaning of 35 U.S.C. §285.

### IV. COUNT ONE – THE '988 DEFENDANTS

45. The following Defendants have been and are infringing the '988 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '988 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation, Wachovia Bank, National Association; U.S. Bancorp; U.S. Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; BancorpSouth, Inc.; BancorpSouth Bank; First Horizon

National Corporation; First Tennessee Bank, National Association; RBS Citizens, National Association.; Comerica Incorporated; Comerica Bank; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; The Clearing House Payments Company, LLC; Small Value Payments Company, and Electronic Data Systems Corp. (hereafter "the '988 Defendants). Unless the '988 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

46. The '988 Defendants have been and are actively inducing and/or contributing to the infringement of the '988 patent among themselves and by others.

47. The '988 Defendants' infringement of the '988 patent has been and is willful.

## V. COUNT TWO – THE '137 DEFENDANTS

48. The following Defendants have been and are infringing the '137 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '137 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation, Wachovia Bank, National Association U.S. Bancorp; U.S. Bank, National Association; SunTrust Banks, Inc.; SunTrust Bank; BB&T Corporation; Branch Banking & Trust Company; BancorpSouth, Inc.; BancorpSouth Bank; First Horizon National Corporation; First Tennessee Bank, National Association; RBS Citizens, National Association; Comerica Incorporated; Comerica Bank; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; The Clearing House Payments Company, LLC; Small Value Payments Company, and

Electronic Data Systems Corp. (hereafter "the '137 Defendants). Unless the '137 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

49. The '137 Defendants have been and are actively inducing and/or contributing to the infringement of the '137 patent among themselves and by others.

50. The '137 Defendants' infringement of the '137 patent has been and is willful.

## VI. COUNT THREE – THE '007 DEFENDANTS

51. The following Defendants have been and are infringing the '007 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '007 patent: Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; RBS Citizens, National Association; Comerica Incorporated; Comerica Bank; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; Small Value Payments Company, LLC; The Clearing House Payments Company, LLC; (hereafter "the '007 Defendants). Unless the '007 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

52. The '007 Defendants have been and are actively inducing and/or contributing to the infringement of the '007 patent among themselves and by others.

53. The '007 Defendants' infringement of the '007 patent has been and is willful.

## VII. COUNT FOUR – THE '759 DEFENDANTS

54. The following Defendants have been and are infringing the '759 patent by making, using, selling, offering for sale, and/or importing in or into the United States,

directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '759 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; and Wachovia Bank, National Association; Inc., (hereafter "the '759 Defendants). Unless the '759 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

55. The '759 Defendants have been and are actively inducing and/or contributing to the infringement of the '759 patent among themselves and by others.

56. The '759 Defendants' infringement of the '759 patent has been and is willful.

## VIII. COUNT FIVE – THE '868 DEFENDANTS

57. The following Defendants have been and are infringing the '868 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '868 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; U.S. Bancorp; U.S. Bank, National Association; Wachovia Corporation; Wachovia Bank, National Association; BB&T Corporation; Branch Banking & Trust Company; RBS Citizens National Association; Comerica Incorporated; Comerica; KeyCorp; KeyBank National Association; LaSalle Bank Corporation; LaSalle Bank NA; M&T Bank Corporation; M&T Bank; Small Value Payments Company, LLC; The Clearing House Payments Company, LLC; (hereafter "the '868 Defendants). Unless the '868 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

58. The '868 Defendants have been and are actively inducing and/or contributing to the infringement of the '868 patent among themselves and by others.

59. The '868 Defendants' infringement of the '868 patent has been and is willful.

## IX. COUNT SIX – THE '778 DEFENDANTS

60. The following Defendants have been and are infringing the '778 patent by making, using, selling, offering for sale, and/or importing in or into the United States, directly, contributory, and/or by inducement, without authority, products and services that fall within the scope of the claims of the '778 patent: Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association; Wachovia Corporation; and Wachovia Bank, National Association (hereafter "the '778 Defendants). Unless the '778 Defendants are enjoined by this Court, DataTreasury is without an adequate remedy at law.

61. The '778 Defendants have been and are actively inducing and/or contributing to the infringement of the '778 patent among themselves and by others.

62. The '778 Defendants' infringement of the '778 patent has been and is willful.

## X. COUNT SEVEN – VICARIOUS LIABILITY

63. Wells Fargo & Company, Bank of America Corporation, U.S. Bancorp, Wachovia Corporation, SunTrust Banks, Inc., BB&T Corporation, BancorpSouth, Inc., First Horizon National Corporation, Comerica Incorporated, Keycorp, LaSalle Bank Corporation, and M&T Bank Corporation ("Parent Company Defendants") are the alter ego of their respective subsidiaries, and specifically their wholly-owned operating bank subsidiaries that are also named as Defendants herein. Specifically, the Parent Company Defendants so control the operations, decisions, and/or daily operations of the operating bank Defendants

that the Parent Company Defendants are the alter ego of the operating bank Defendants. Facts proving this alter ego relationship include: (a) the operating bank Defendants are wholly owned subsidiaries of the Parent Company Defendants; (b) many of the operating bank Defendants and Parent Company Defendants have common officers and directors; (c) the Parent Company Defendants and operating bank defendants file consolidated financial statements; (d) some daily operations of the Parent Company Defendants and operating Bank Defendants are not kept separate; and (e) the Parent Company Defendants exert such control over the operating bank Defendants such that they should not be viewed as separate entities. In addition to the Parent Company Defendants and their respective operating bank Defendants being alter egos of each other, the Parent Company Defendants are also liable for joint infringement and contributorily infringing and inducing infringement, by virtue of their relationship with their operating bank subsidiary Defendant. For the same reasons listed above, the Parent Company Defendants are liable for joint infringement, contributory infringement, and inducing infringement, as they have shared in and directed the infringing operations of their operating subsidiary bank Defendants in the manner set forth herein. The liability and damages for all infringing actions of the operating bank Defendants should be shared jointly by the operating subsidiary bank Defendant and its respective Parent Company Defendant.

## XI. CONSOLIDATION OF 2005 CASES

64. Prior to the filing of the Original Complaint in this case, Plaintiffs had filed Cause Nos. 2:05-cv-291, 2:05-cv-292, and 2:05-cv-293 (collectively "the 2005 cases"). Defendants in those cases were Wells Fargo & Company; Wells Fargo Bank, National Association; Bank of America Corporation; Bank of America, National Association;

Wachovia Corporation, and Wachovia Bank, National Association respectively. The only patents asserted in the 2005 cases were the '988 and '137 patents.

65. At the Court's request, for more efficient management of this litigation, the claims from the 2005 cases have been hereby consolidated into this case, as indicated by the inclusion of the Defendants in the 2005 cases into Counts 1 and 2 above. The Defendants in the 2005 cases have all consented to this consolidation.

## XII. JURY TRIAL

66. DataTreasury has demanded and demands a trial by jury.

## XIII. PRAYER FOR RELIEF

DataTreasury respectfully requests the following relief:

A. That the Court declare that the '988, '137, '007, '759, '868, and '778 patents are valid and enforceable and that they are infringed by Defendants as described herein;

B. That the Court enter a permanent injunction against Defendants' direct infringement of the '988, '137, '007, '759, '868, and '778 patents;

C. That the Court enter a permanent injunction against Defendants' active inducement of infringement and/or contributory infringement of the '988, '137, '007, '759, '868, and '778 patents among themselves and by others;

D. That the Court award damages to DataTreasury to which it is entitled;

E. That the Court award interest on the damages to DataTreasury;

F. That the Court treble all damages and interest for willful infringement;

G. That the Court award to DataTreasury its costs and attorney's fees incurred in this action; and

H. Such other and further relief as the Court deems just and proper.

___

Respectfully submitted,

_____

**NELSON J. ROACH**, Attorney in Charge
STATE BAR NO. 16968300
**DEREK GILLILAND**
STATE BAR NO. 24007239
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.5389
njroach@nixlawfirm.com
dgilliland@nixlawfirm.com

**C. CARY PATTERSON**
STATE BAR NO. 15587000
**BRADY PADDOCK**
STATE BAR NO. 00791394
**ANTHONY BRUSTER**
STATE BAR NO. 24036280
**R. BENJAMIN KING**
STATE BAR NO. 24048592
**NIX PATTERSON & ROACH L.L.P.**
2900 St. Michael Drive, Suite 500
Texarkana, Texas 75503
903.223.3999 (telephone)
903.223.8520 (facsimile)
akbruster@nixlawfirm.com
bpaddock@nixlawfirm.com
benking@nixlawfirm.com

**ROD COOPER**
STATE BAR NO. 90001628
**EDWARD CHIN**
STATE BAR NO.. 50511688
**NICOLE REED KLIEWER**
STATE BAR NO. 24041759
**NIDA NADIR**

_____

STATE BAR NO. 24057433
**ANDREW WRIGHT**
STATE BAR NO. 24063927
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor Blvd., Suite 1900
Irving, Texas 75039
972.831.1188 (telephone)
972.444.0716 (facsimile)
rodcooper@nixlawfirm.com
edchin@nixlawfirm.com
nicolekliewer@nixlawfirm.com
nida.nadir@gmail.com
awright@npraustin.com


**JOE KENDALL**
STATE BAR NO. 11260700
**KARL RUPP**
STATE BAR NO. 24035243
**KENDALL LAW GROUP, LLP**
3232 McKinney Avenue, Ste. 700
Dallas, Texas 75204
214.744.3000 (telephone)
214.744.3015 (facsimile)
jkendall@kendalllawgroup.com
krupp@kendalllawgroup.com


**ERIC M. ALBRITTON**
STATE BAR NO. 00790215
**ALBRITTON LAW FIRM**
P.O. Box 2649
Longview, Texas 75606
903.757.8449 (telephone)
903.758.7397 (facsimile)
ema@emafirm.com

**T. JOHN WARD, JR.**
STATE BAR NO. 00794818
**WARD & SMITH LAW FIRM**
P.O. Box 1231
Longview, Texas 75606
903.757.6400 (telephone)
903.757.2323 (facsimile)
jw@jwfirm.com

___

        **SETH OSTROW**
        STATE BAR NO. 2532257
        **MATTHEW L. KAUFMAN**
        STATE BAR NO. 4001046
        **JEANPIERRE J. GIULIANO**
        STATE BAR NO. 4273777
        **ARIANNA FRANKL**
        STATE BAR NO. 3019650
        **ELYSSA S. LANE**
        STATE BAR NO. 4388393
        **OSTROW KAUFMAN & FRANKL LLP**
        136 East 57th Street, Ste. 1205
        New York, NY 10022
        212.888.0312
        212.265.1441 (facsimile)
        mkaufman@okfllp.com
        sostrow@okfllp.com
        afrankl@okfllp.com
        jpgiuliano@okfllp.com
        elyssa.lane@gmail.com

**ATTORNEYS FOR PLAINTIFF
DATATREASURY CORPORATION**

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 29TH day of Mahy, 2009.

_____
**NIX PATTERSON & ROACH, L.L.P.**